**NORTHWEST EQUIPMENT SALES CO., a Washington Corporation, Plaintiff-Appellee,**

v.

**WESTERN PACKERS, INC., an Idaho Corporation, Defendant-Appellant,**

**The Small Business Administration, United States Government, Defendants.**

No. 78–1043.

United States Court of Appeals, Ninth Circuit.

July 10, 1980.

tures at a foreclosure sale. Under Idaho law, the foreclosure sale discharged Northwest Equipment's security interest. We, therefore, reverse and remand for the district court to enter an order directing Northwest to refund the judgment paid by Western Packers.

## FACTS

Northwest Equipment sold to Orchards, Inc. various items of fruit packing machinery, retaining a security interest to secure the purchase price. Orchards, Inc. affixed the machinery to real property which it purchased the day after affixation. Coldhouse, Inc. succeeded to Orchard's interest in both the real property and the fruit packing machinery. Coldhouse mortgaged the real property with its fixtures to First Security Bank of Idaho and to Gem County Development Company.

The Bank and Gem assigned their mortgages to the Small Business Administration (SBA). Coldhouse defaulted and the SBA foreclosed, selling both the real property and the fruit packing machinery to Western Packers. Northwest Equipment brought an action against both Western Packers and the SBA in an Idaho state court, alleging the priority of its purchase money security interest in the machinery. The SBA had the action removed to federal district court.

Herbert W. Rettig, Rettig, Rosenberry & Roberts, Caldwell, Idaho, for defendant-appellant.

William F. Almon, Halverson, Applegate, McDonald, Bond, Grahn, Wiehl & Almon, Yakima, Wash., for plaintiff-appellee.

Before SKELTON *, Judge, and FARRIS and PREGERSON, Circuit Judges.

FARRIS, Circuit Judge:

Western Packers, Inc. is appealing from the Idaho federal district court's decision that appellee Northwest Equipment Sales Co. has a security interest in certain fixtures which is prior to the interest that Western acquired by purchasing the fix-

## PROCEDURAL BACKGROUND

The appeal presents us for the second time with the conflict between the interests of Northwest Equipment and Western Packers in the fruit packing machinery purchased by Western at an SBA private foreclosure sale. Northwest Equipment initially sued both Western Packers and the SBA contending that each had purchased the machinery with knowledge of Northwest's existing security interest. Thus, Northwest maintained, Western Packers and the SBA were not entitled to protection under Idaho

---

* Hon. Byron G. Skelton, Senior Judge of the United States Court of Claims, sitting by designation.

Code § 28–9–313(4) (1967)[1] as subsequent purchasers without knowledge.

The district court rejected Northwest's contention. It held that the SBA's interest had priority over Northwest's because the SBA had purchased the entire interest of the original mortgagees, First Security Bank and Gem County Development, who themselves had taken mortgages on the machinery without knowledge of Northwest's interest. The district court held further that Western Packers' interest was prior to Northwest's since Western had purchased the entirety of the SBA's superior mortgage interest.

Northwest Equipment appealed from the district court's judgment quieting title in Western Packers. We vacated the district court's finding that the original mortgagee, Gem County Development, had taken its interest in the machinery without knowledge of Northwest's purchase money security interest. *Northwest Equipment Sales Co. v. Western Packers Inc.*, 543 F.2d 65, 67 (9th Cir. 1976). We remanded for further proceedings to determine whether Western Packers and the SBA had themselves taken without knowledge and were thus independently entitled to the protection of section 28–9–313(4) regardless of the priority of their predecessors' interests.

The district court, on remand, found that the SBA had taken the mortgage interests of Gem and the Bank without knowledge of Northwest's interest but that Western Packers had knowledge when it purchased at the SBA's foreclosure sale. The district court concluded, therefore, that the SBA took the property clear of Northwest's interest but that Western Packers, not being entitled to protection as a purchaser without knowledge under section 28–9–313(4), took the property from the SBA subject to Northwest's interest.[2]

## DISCUSSION

Northwest does not dispute the district court's finding that the SBA lacked knowledge of Northwest's security interest when it took the assignment of the mortgages from Gem and the Bank. Nor does Northwest contest the district court's conclusion, based on that finding, that the SBA took the machinery clear of the purchase money security interest under section 28–9–313(4). Both parties agree that the crucial question is whether Western Packers' knowledge at the time of its purchase from the SBA precluded it from taking the machinery clear of Northwest's interest.

Northwest Equipment argues that we resolved this question in the previous appeal. We disagree. The basis of our prior remand was our inability to accept the district court's finding that there was "no evidence" in the record that Gem took its mortgage interest in the machinery without knowledge. 543 F.2d at 67. We stated further, in dictum, that "we would not make the assumption of law that the predecessors' lack of knowledge fulfills the statutory requirement [of section 28–9–313(4)] for the S.B.A. and Western." *Id.*[3]

■ In light of the new facts which the district court found pursuant to our remand, we conclude that the priority of Western Packers' interest is not governed by section 28–9–314(4). The SBA held a security interest in the fruit packing machinery both under the Uniform Commercial Code and under its real estate deed of trust which covered the real property and fixtures. The SBA's interest based on its deed of trust is prior, under section 28–9–314(4), to Northwest's Article Nine security interest. The SBA's Article Nine interest

---

1. The version of the Uniform Commercial Code adopted by Idaho in 1967 governs this case. Note that an amended version was adopted in 1979.

2. The district court also concluded that Western Packers was not protected by Idaho's successor-in-interest rule under § 28–9–312(2). Western has not appealed in this decision.

3. Because this case is governed by Idaho foreclosure sale law and not by § 28–9–313(4), we need not decide whether the requirement of lack of knowledge under that subsection may be satisfied by a purchaser's predecessor's ignorance.

in the machinery, being unperfected because of an improper filing, was not prior to Northwest's.

Accordingly, Western Packers argues, the SBA's sale was the foreclosure of a real estate mortgage governed by Idaho real estate law. Under Idaho Code § 45–1508, a foreclosure sale under a deed of trust "shall foreclose and terminate all interest in the property covered by the trust deed of all persons to whom notice is given under subsection (2) of section 45–1505 . . . ." The SBA gave notice to Northwest Equipment of the sale of both the fruit packing machinery and the real estate. Northwest does not challenge the validity of this notice or of any other aspect of the foreclosure sale procedure. Thus, if Western Packers is correct in maintaining that Idaho's real estate mortgage foreclosure law governs, the SBA's sale terminated Northwest's interest. Idaho Code § 28–9–312(1) (1967) provides that section 28–9–313 governs the priorities between security interests in fixtures and interests in real estate. If Northwest's interest has been terminated, then section 28–9–313 is inapplicable.

The result is the same even if the SBA's sale was governed by Idaho's commercial code, as Northwest Equipment asserts. Section 28–9–504(4) provides that, in a private foreclosure sale:

> When collateral is disposed of by a secured party after default, the disposition transfers to a purchaser for value all of the debtor's rights therein, discharges the security interest under which it is made and any security interest or lien subordinate thereto. The purchaser takes free of all such rights and interests even though the secured party fails to comply with the requirements of this Part or of any judicial proceedings
>
> . . . . .
>
> . . . if the purchaser acts in good faith.

Northwest contends that Western Packers cannot satisfy the "good faith" requirement because of its knowledge of Northwest's subordinate interest. It is not clear from the face of this subsection whether the good faith requirement applies to purchasers at all private sales or only those at sales which fail to comply with Part 5 of Article Nine. The parties have not cited and we have not found any Idaho cases resolving the issue. Section 28–1–203, however, imposes "an obligation of good faith" in the performance or enforcement of "every contract or duty" within the code. We will accept *arguendo* Northwest's contention that Western Packers cut off Northwest's interest only if Western Packers purchased the machinery in "good faith."

The issue then becomes whether good faith is inconsistent with the purchasing an interest with knowledge of an existing subordinate claim. Section 28–1–201(19) defines good faith as "honesty in fact in the conduct or transaction concerned." An examination of the priority and foreclosure scheme of Article Nine demonstrates that absence of knowledge of subordinate security interests could not be a prerequisite for a purchaser to buy property free of encumbrances at a foreclosure sale.

If absence of knowledge were required, the party whose interest would be undermined would be the secured party who was conducting the sale. Northwest, under such an interpretation of the good faith requirement, would be able to notify all prospective purchasers at the SBA's sale either by filing a financing statement[4] or by attending the sale and announcing its interest. The SBA would, thus, be able to sell only to someone willing to pay off Northwest's interests. The SBA properly recorded its real estate mortgage without notice or knowledge of Northwest's interest. Northwest could have protected itself by filing its financing statement properly. With certain specifically enumerated exceptions not applicable here, Article Nine consistently reflects the policy that conflicting interests in property should be resolved in

---

4. Filing a financing statement alone might be insufficient since it would give prospective purchasers notice but not necessarily knowledge.

Section 28–1–201 provides that knowledge means actual knowledge.

favor of the party that properly filed and against the party that could have protected itself by filing but failed to do so.

## CONCLUSION

The SBA properly recorded its real estate mortgage covering the machinery. The interpretation of the good faith requirement of section 28–9–504(4) which Northwest urges would devalue the interest acquired by a party in the SBA's position in favor of a party that failed to properly avail itself of the Code's protection. Western Packers purchased the fruit packing machinery in good faith and thus discharged Northwest's interest.

We reverse and remand to the district court for entry of an order directing Northwest to refund the money paid it by Western Packers in satisfaction of the court's judgment.

Reversed and remanded.